IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| MARIO A. ROMO | § | |
| VS. | § | CIVIL ACTION NO. 1:20cv387 |
| WARDEN K. DOBBS | § | |

MEMORANDUM OPINION REGARDING TRANSFER

Petitioner Mario A. Romo, an inmate confined at the Federal Correctional Institution, Williamsburg located in Salters, South Carolina, proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Discussion

On April 30, 2019, in the Eastern District of Texas, following a plea of guilty pursuant to a written plea agreement, the court entered a judgment convicting petitioner of conspiracy to distribute and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846. Petitioner was sentenced to a term of 87 months' imprisonment. *See United States v. Romo*, Criminal Action Number 9:18cr29 (E.D. Tex. Apr. 30, 2019).

Petitioner submitted this petition seeking a reduction in his sentence based on a decision by the Court of Appeals for the Fourth Circuit which petitioner claims held that an offense under § 846 is not a controlled substance offense. *See United States v. Whitley*, 737 F. App'x 147 (4th Cir 2018). Petitioner argues his sentence is too long.

Analysis

Title 28 U.S.C. § 2241(a) provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective

jurisdictions." "To entertain a § 2241 habeas petition, the district court must, upon the filing of the petition, have jurisdiction over the prisoner or his custodian." *United States v. Gabor*, 905 F.2d 76, 78 (5th Cir. 1990) (citation omitted). A § 2241 petition must be filed in the district where the petitioner is incarcerated. *Id.*; *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir.1999).

Petitioner is currently confined in the Federal Correctional Institution located in Salters, South Carolina where he was located when he submitted the petition. Pursuant to 28 U.S.C. § 121, Salters, South Carolina is located within the jurisdictional boundaries of the United States District Court for the District of South Carolina, Florence Division. As petitioner is not incarcerated in the Eastern District of Texas, this court is without jurisdiction to consider petitioner's petition for writ of habeas corpus; subject-matter jurisdiction cannot be waived. *See DeCell & Associates v. F.D.I.C.*, 36 F.3d 464, 471 (5th Cir. 1991).

Under 28 U.S.C. § 1404(a), for the convenience of parties and witnesses and in the interest of justice, a district court may transfer any civil action to any other district or division where it could have been brought. Such a transfer may be done *sua sponte* and is reviewable only for an abuse of discretion. *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989).

After considering the circumstances, the court has determined that the interests of justice would best be served if this petition were transferred to the district in which the petitioner is confined rather than dismissed the case for lack of jurisdiction. An Order of Transfer so providing shall be entered in accordance with this Memorandum Order.

**SIGNED this the 28th day of September, 2020.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE