IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Mario A. Romo, | ) | C/A No.: 1:20-3672-JMC-SVH |
| | ) | |
|          Petitioner, | ) | |
| | ) | |
| vs. | ) | REPORT AND |
| | ) | RECOMMENDATION |
| Warden of FCI Williamsburg, | ) | |
| | ) | |
|          Respondent. | ) | |
| | ) | |

Mario A. Romo ("Petitioner") is a federal inmate housed at the Federal Correctional Institution Petersburg in Petersburg, Virginia, a facility of the Federal Bureau of Prisons ("BOP"). He filed this petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to the undersigned for pretrial proceedings pursuant to 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(c) (D.S.C.). For the reasons that follow, the undersigned recommends the district judge transfer this case to the Eastern District of Virginia.

I.    Factual and Procedural Background

The petition was filed on September 18, 2020, in the Eastern District of Texas. [ECF No. 1]. In a handwritten note on the last page, Petitioner stated: "Quick Reminder: am in process of getting transferred to another federal prison to Pittursburg, Virginia. Right now am in Williamsburg, South Carolina . . . ." [ECF No. 1 at 9]. This case was transferred to this court on

September 28, 2020. [ECF No. 4]. As petitioner remained in South Carolina in October 2020, the undersigned issued an order directing service of the petition on October 20, 2020. [ECF No. 7].

Although Petitioner has not filed an update of his address, on December 9, 2020, Respondent filed a motion to dismiss, which included a certificate of service indicating Plaintiff had been transferred to FCI Petersburg. A search of the BOP website also indicates Petitioner has been transferred to FCI Petersburg. See https://www.bop.gov/inmateloc (last visited December 10, 2020).[1]

II. Discussion

District courts are authorized to grant writs of habeas corpus "within their respective jurisdictions," 28 U.S.C. § 2241(a), and such writs "shall be directed to the person having custody of the person detained." 28 U.S.C. § 2243. Therefore, the proper party respondent is generally the "person who has the immediate custody of the party detained, with the power to produce the body of such party before the court or judge." *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004) (citation omitted). Similarly, because "the court issuing the writ [must] have jurisdiction over the custodian," generally in

---

[1] A court may take judicial notice of factual information located in postings on government websites. *See Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (finding that court may "properly take judicial notice of matters of public record").

"habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Id.* at 442–43 (citation omitted).

Although Petitioner was incarcerated in the District of South Carolina when this case was transferred from the Eastern District of Texas, he is presently incarcerated at FCI Petersburg in the Eastern District of Virginia. Petitioner's current custodian, the Warden of FCI Petersburg, is therefore the proper party respondent to Petitioner's § 2241 petition. Accordingly, this court lacks jurisdiction to entertain his petition. *See Rumsfeld*, 542 U.S. at 445 ("[T]he custodian's absence from the territorial jurisdiction of the district court is fatal to habeas jurisdiction."). Because Respondent has filed a motion to dismiss that is in the process of being briefed [ECF No. 10],[2] the undersigned finds transfer of the instant petition to the Eastern District of Virginia would serve the interests of justice and would not prejudice either party. *See Feller v. Brock*, 802 F.2d 722, 729 n.7 (4th Cir. 1986) ("Although a motion by one of the parties is ordinarily required for transfer, the district court may consider the possibility of transfer sua sponte.").

---

[2] Out of an abundance of caution, the Clerk of Court has mailed Petitioner a *Roseboro* order at his address of record and to him at FCI-Petersburg, at the address used by Respondent.

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends this case be transferred to the United States District Court for the Eastern District of Virginia.

IT IS SO RECOMMENDED.

December 10, 2020                        Shiva V. Hodges
Columbia, South Carolina              United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).