IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Mario A. Romo, | ) | Civil Action No.: 1:20-cv-03672-JMC |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **ORDER AND OPINION** |
| Warden, *FCI Williamsburg*, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

  This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") filed on December 10, 2020. (ECF No. 13.) The Report recommends that the court *sua sponte* transfer Plaintiff's[1] case to the district in which he is currently incarcerated. (*Id.* at 4.) For the reasons stated herein, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 13) and incorporates it herein, and **TRANSFERS** this matter to the United States District Court for the Eastern District of Virginia.

  The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation. (ECF No. 13.) As brief background, on September 18, 2020, Plaintiff filed the instant petition under 28 U.S.C. § 2241 before this court. (ECF No. 1.) In the petition, Plaintiff essentially seeks "to receive a reduction in [his] sentence" based upon precedent from the United States Court of Appeals for the Fourth Circuit. (*Id.* at 5, 7.) Sometime after filing

---

[1] Plaintiff is proceeding *pro se*. The court is required to interpret *pro se* documents liberally and will hold those documents to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). *See also Hardin v. United States*, C/A No. 7:12-cv-0118-GRA, 2012 WL 3945314, at *1 (D.S.C. Sept. 10, 2012). Additionally, *pro se* documents must be construed in a manner, "no matter how inartfully pleaded, to see whether they could provide a basis for relief." *Garrett v. Elko*, No. 95-7939, 1997 WL 457667, at *1 (4th Cir. Aug. 12, 1997). Although *pro se* documents are liberally construed by federal courts, "[t]he 'special judicial solicitude' with which a district court should view *pro se* complaints does not transform the court into an advocate." *Weller v. Dep't of Soc. Servs. for Balt.*, 901 F.2d 387, 391 (4th Cir. 1990).

1

the petition, Defendant filed a Motion to Dismiss Plaintiff's Petition (ECF No. 10), and Plaintiff was transferred to FCI Petersburg in Virginia (ECF No. 13 at 2).

In the Report, the Magistrate Judge suggests transferring this matter because Plaintiff was transferred to the Eastern District of Virginia while Defendant's still-pending Motion to Dismiss was "in the process of being briefed." (ECF No. 13 at 3.) The Magistrate Judge further explained that Plaintiff's "current custodian, the Warden of FCI Petersburg, is . . . the proper party respondent to . . . [the] § 2241 petition." (ECF No. 13 at 3.) Because Plaintiff is no longer housed in the District of South Carolina, the Magistrate Judge continued, the "court lacks jurisdiction to entertain his petition." (*Id.* (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 445 (2004) ("[T]he custodian's absence from the territorial jurisdiction of the district court is fatal to habeas jurisdiction.")).) The Magistrate Judge therefore recommended transferring this matter, noting such action "would serve the interests of justice and would not prejudice either party." (ECF No. 13 at 3 (citing *Feller v. Brock*, 802 F.2d 722, 729 n.7 (4th Cir. 1986) ("Although a motion by one of the parties is ordinarily required for transfer, the district court may consider the possibility of transfer *sua sponte*.")).)

The court is charged with making the final determination of the pending matter as the Magistrate Judge's recommendation carries no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). As such, the court reviews *de novo* those portions of the Report to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b)(3). Yet when no party offers timely, specific objections, the court "need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record . . . to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting FED. R. CIV. P. 72 advisory committee's note); *see Camby v. Davis*, 718 F.2d 198, 199

2

(4th Cir. 1983) (stating the court is not required to explain the Report's adoption if no party offers specific objections).

Here, neither party has brought specific objections to the Report and the court finds no clear error on the face of the record. Accordingly, the court **ACCEPTS** the Report (ECF No. 13), **ADOPTS** the findings therein, and *sua sponte* **TRANSFERS** this action to the United States District Court for the Eastern District of Virginia.

    **IT IS SO ORDERED.**

                                                                           *J. Michelle Childs*
                                                                    United States District Judge

January 22, 2021
Columbia, South Carolina