IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MARIO A. ROMO,  )
  )
    Petitioner,  )
  )
v.  )    Civil Action No. 3:21CV48–HEH
  )
WARDEN FCI WILLIAMSBURG,  )
  )
    Respondent.  )

### MEMORANDUM OPINION
(Granting Motion to Dismiss and Dismissing § 2241 Petition)

Mario A. Romo, a federal inmate proceeding *pro se*, submitted a 28 U.S.C. § 2241 Petition. ("§ 2241 Petition," ECF No. 1.)[1] The matter was transferred to this Court by the United States District Court for the District of South Carolina. The Government has filed a Motion to Dismiss. (ECF No. 27.) Despite the provision of notice pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Romo has not responded. For the reasons set forth below, the Government's Motion to Dismiss will be granted and the § 2241 Petition will be dismissed without prejudice.

---

[1] The statute provides, in pertinent part:

    (c) The writ of habeas corpus shall not extend to a prisoner unless--
        (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
        (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
        (3) He is in custody in violation of the Constitution or laws or treaties of the United States . . . .

28 U.S.C. § 2241(c)(1)–(3).

I. **Procedural History**

On August 15, 2018, in the United States District Court for the Eastern District of Texas (the "Sentencing Court"), Romo was charged with one count of conspiracy to possess with the intent to distribute fifty (50) grams or more of a Schedule II controlled substance, namely "actual" methamphetamine (Count One). *United States v. Romo*, No. 9:18–cr–29–RC–KFG (E.D. Tex. filed Aug. 5, 2018), ECF No. 2. On November 1, 2018, Romo pled guilty to Count One. *See* Plea Agreement ¶ 1 (E.D. Tex. filed Nov. 1, 2018), ECF No. 28. In his Plea Agreement, Romo agreed that he understood that he faced a statutory sentence of not less than ten years and not to exceed life in prison. *Id.* ¶ 3. The parties also stipulated that for sentencing guidelines purposes, Romo's base offense level was 34, and that he should receive a three-point level reduction for acceptance of responsibility. *Id.* ¶ 5.

On May 10, 2019, the Sentencing Court entered judgment against Romo and sentenced him to 87 months of incarceration. *See* J. 2 (E.D. Tex. May 10, 2019), ECF No. 42.[2] Romo filed no direct appeal and to date, he has not filed a motion to vacate under 28 U.S.C. § 2255. On September 18, 2020, Romo filed his § 2241 Petition in the Sentencing Court. By Memorandum Opinion and Order entered on September 28, 2020, the Sentencing Court transferred the § 2241 Petition to the United States District Court for the District of South Carolina, Florence Division, because Romo indicated that he was

---

[2] The Court does not have the calculations from the Presentence Report before it. Nevertheless, with a Base Offense Level of 31 and a criminal history category of I, the sentencing guidelines range would be 108 to 135 months. Romo's sentence of 87 months is well below that range.

incarcerated in the Federal Correctional Institution in Salters, South Carolina when he submitted the petition. (ECF No. 3, at 2.)[3] On October 20, 2020, the District of South Carolina served the § 2241 Petition on the Government. (ECF No. 7.) On December 9, 2020, the Government filed a Motion to Dismiss. (ECF No. 10.) On December 10, 2020, the Magistrate Judge entered a Report and Recommendation recommending that the action be transferred to this Court because Romo had been moved to FCI Petersburg during the pendency of the action. (ECF No. 13, at 1–5.)[4] By Order and Opinion entered on January 22, 2021, the District of South Carolina accepted the Report and Recommendation and transferred the action to this Court.

In his § 2241 Petition, Romo argues that "the 4th Circuit ruled in Ron Whitley's case[,[5]] that a lone 846-conspiracy to distribute and possess with intent to distribute drugs is not a controlled substance offense," and that his 87 month sentence is "too much time for a charge that has been ruled as not being a controlled substance offense." (ECF No. 1, at 6.) As discussed below, Romo fails to demonstrate that he may use § 2241 to obtain relief.

---

[3] The Court employs the pagination assigned to the parties' submissions by the CM/ECF docketing system. The Court corrects the capitalization in the quotations from Romo's submissions.

[4] The Court notes that the District of South Carolina appears to be the appropriate place for the § 2241 Petition, because, at the time he filed his § 2241 Petition, Romo was housed in FCI Williamsburg. Nevertheless, because the action has been transferred here, the Court will address the § 2241 Petition for the sake of judicial efficiency and in the interest of justice.

[5] *United States v. Whitley*, 737 F. App'x 147 (4th Cir. 2018). In *Whitley*, a panel of the Fourth Circuit decided that convictions for conspiracy to distribute drugs under 21 U.S.C. § 846, "do not qualify as controlled substances offenses" for career offender purposes. *Id.* at 148–49.

## II.   Motions under 28 U.S.C. § 2255 Compared to Petitions under 28 U.S.C. § 2241

A motion pursuant to 28 U.S.C. § 2255 "provides the primary means of collateral attack" on the imposition of a federal conviction and sentence, and such motion must be filed with the sentencing court. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (quoting *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990)). A federal inmate may not proceed under 28 U.S.C. § 2241 unless he or she demonstrates that the remedy afforded by 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).[6] "For example, attacks on the execution of a sentence are properly raised in a § 2241 petition." *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (citing *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Hanahan v. Luther*, 693 F.2d 629, 632 n.1 (7th Cir. 1982)). Nevertheless, the United States Court of Appeals for the Fourth Circuit has emphasized that "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision or because an individual is procedurally barred from filing a § 2255 motion." *Id.* (citations omitted).

The Fourth Circuit has stressed that an inmate may proceed under § 2241 to challenge his or her conviction "in only very limited circumstances." *United States v. Poole*, 531 F.3d 263, 269 (4th Cir. 2008) (citation omitted) (internal quotation marks

---

[6] "This 'inadequate and ineffective' exception is known as the 'savings clause' to [the] limitations imposed by § 2255." *Wilson v. Wilson*, No. 1:11cv645 (TSE/TCB), 2012 WL 1245671, at *3 (E.D. Va. Apr. 12, 2012) (quoting *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000)).

4

omitted). The Fourth Circuit recently expanded the longstanding "controlling test," *id.*, as follows:

> [W]e conclude that § 2255 is inadequate and ineffective to test the legality of a sentence when: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018) (citations omitted), *cert. denied*, 138 S. Ct. 1318 (2019).[7]

### III. Analysis of Romo's 28 U.S.C. § 2241 Petition

Here, Romo challenges the legality of his sentence. Romo fails to satisfy prongs (2) through (4) of *Wheeler* for many reasons. However, the Court need not proceed beyond a discussion of the second prong, because Romo's § 2241 Petition falters at the start. Romo fails to demonstrate that "subsequent to [his] direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply

---

[7] Until *Wheeler*, a petitioner was required to satisfy the following test:

> [Section] 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner *was convicted is deemed not to be criminal*; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000) (emphasis added).

5

retroactively on collateral review." *United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018). As a preliminary matter, the case that Romo relies upon as the alleged change in the law, *United States v. Whitley*, 737 F. App'x 147 (4th Cir. 2018), was decided in 2018, before his conviction became final in 2019, and any argument based on this case was certainly available to him before that time. Accordingly, Romo could have raised this case during his criminal proceedings, on direct appeal, or in a § 2255 motion. For this reason alone, he fails to satisfy the second prong of *Wheeler*.

More importantly, *Whitley* is inapplicable to Romo's sentence for several reasons. In *Whitley*, a panel of the Fourth Circuit decided that convictions for conspiracy to distribute drugs under 21 U.S.C. § 846, "do not qualify as controlled substances offenses" for career offender purposes. *Whitley*, 737 F. App'x at 148–49. Romo was not sentenced as a career offender. More importantly, Romo also was convicted and sentenced in Texas, and Fifth Circuit law, not Fourth Circuit law, must be applied to any substantive claim for relief. *See Hahn v. Moseley*, 931 F.3d 295, 301 (4th Cir. 2019) (observing that in evaluating substantive claims under the savings clause, a court in the Fourth Circuit, applies Fourth Circuit procedural law, but that the substantive law of the circuit of conviction governs the petition). Thus, *Whitley*, a Fourth Circuit decision, does not provide Romo with any relief under § 2241.[8]

---

[8] Nor would Romo would be entitled to any relief under Fifth Circuit law as the Fifth Circuit has reached a different conclusion than the Fourth Circuit in *Whitley*. *See United States v. Rodriguez-Escareno*, 700 F.3d 751, 754–55 (5th Cir. 2012) (holding that a prior conviction for conspiracy to commit a controlled substance offense under § 846 supports an enhancement under the guidelines). Therefore, Romo may not seek to challenge his sentence by way of § 2241.

6

In sum, Romo fails to demonstrate that the "settled substantive law changed and was deemed to apply retroactively on collateral review." *Wheeler*, 886 F.3d and 429 (4th Cir. 2018.) Thus, Romo fails to satisfy the second prong of *Wheeler*.[9]

### IV. Conclusion

In sum, Romo fails to demonstrate that he may proceed by § 2241. Accordingly, the Government's Motion to Dismiss (ECF No. 27) will be granted. Romo's § 2241 Petition (ECF No. 1) will be dismissed without prejudice for want of jurisdiction.

An appropriate Order shall issue.

                                                        /s/
                         HENRY E. HUDSON
Date: Oct. 18, 2021      SENIOR UNITED STATES DISTRICT JUDGE
Richmond, Virginia

---

[9] Romo also fails to satisfy prongs three and four. Prong three requires that Romo be "unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions." *Wheeler*, 886 F.3d at 429. Because Romo never filed a § 2255 motion, he cannot meet this prong, and he fails to establish that § 2255 is inadequate or ineffective to test the legality of his sentence. The fourth prong of *Wheeler* requires a showing that due to a retroactive change in the law, Romo's sentence "now presents an error sufficiently grave to be deemed a fundamental defect." *Id.* A challenge to an advisory guidelines sentence fails to satisfy this fourth prong. *See Basewell v. Smith*, 952 F.3d 441, 450 (4th Cir. 2020) (citation omitted).